THIS was a scire facias on a judgment in this Court at the suit of the Fanners Bank against William Wilson, Barclay Wilson, Josiah Marvel, James Wilson and Silas Reynolds, for the real debt of $670 and costs, confessed on the 2nd day of March, 1852, paid to the Bank by Barclay Wilson in his life time, and assigned by it after his death to Louisa A. Wilson, his administratrix. The pleas were nul tiel record,
payment and release. The assignment of the judgment by the Bank to the plaintiff, was under the hand of the President and the seal of it before two credible witnesses, and the affidavit of the plaintiff of the sum due and that the same was wholly unpaid, had been filed in the Court before the institution of the suit, which was *Page 643 
under the provisions of the third, fourth, fifth and sixth sections of chapter sixty-five of the revised statutes, Rev. Code 186, 187, to recover from William Wilson and Silas Reynolds, the surviving defendants in the judgment, the whole amount of the real debt of it, which had been paid by Barclay Wilson alone in his life time, with interest and costs, or such part thereof as his administratrix might be entitled to by way of apportionment and contribution from them under the statute. The evidence for the plaintiff was that Barclay Wilson, Josiah Marvel and Silas Reynolds confessed a judgment to the Bank for the real debt of $800 and costs on the 10th day of October, 1860, in which was included the amount of principal, interest and costs then due and unpaid on the first judgment in question, and it was this latter judgment, principal, interest and costs, which the plaintiff had paid as his administratrix since the death of Barclay Wilson to the Bank, and upon the payment of which the Bank had assigned to her the first mentioned judgment at her instance and request, and which had not been otherwise paid or satisfied than by the confession of the second, or subsequent judgment just mentioned and paid by her as before stated.
Wright, for the defendants, made a motion to nonsuit the plaintiff upon the facts proved, because the case presented by the evidence already produced on behalf of the plaintiff, was not within the terms or the purview of the statute under which the suit had been instituted, the object of which is to give to a surety in a bond, bill or other writing for the payment of money, or in a judgment, paying the amount of it, the same remedy at law upon it in his own name against the principal debtor, or his co-sureties in it, for their respective proportions of the debt by way of just contribution, which the original creditor in it possessed before the payment of it to him, on taking an assignment of such bond, bill, writing or judgment under the hand and seal of such creditor before two credible witnesses, at least. Nor did the amendment of the law, Del. Laws, vol. *Page 644 
13. pp. 147, 148, change the meaning of the original act in any respect so far as this case was concerned. Both of the acts evidently contemplate and mean that in any and every case provided for in them, first, that the judgment sought to be enforced or collected in conformity with the provisions of them by any one or more of the sureties in it, should be actually paid to the creditor before the assignment of it by him to such surety or sureties for collection in his or their names; and in the next place, that if there were several sureties in it, and more than one of them should so pay it, the suit or proceeding upon it should be in the names of all the sureties so paying it, and not in the name of any one of the sureties alone so paying it. But neither act was ever intended to apply to any such case as this of two judgments, where the first was confessed by a number of defendants, no less than five, and which remained unpaid until more than eight years thereafter, when the second judgment was confessed for the same debt, not by the same parties, but by three only of the defendants in the former, and which not even then, nor until long after the entry of the second, had been, in fact, paid to the creditor in it. The plaintiff, however, since the death of Barclay Wilson, the second named defendant in the former, and the first named defendant in the latter judgment, (consisting of three in number only) as his administratrix had recently paid the second judgment in full to the Bank, and upon that payment, took an assignment in the form prescribed by the statute, not of that judgment which she had paid to the creditor, but of the previous judgment against other or more parties, and had sued out thisscire facias upon it against William Wilson and Silas Reynolds, the only surviving defendants in it, that is to say, in the last judgment. But two judgments, though for the same debt and standing open and thus related to each other, and even, if the parties defendant were identically the same in each of them, could not be joined, or coupled together in this extraordinary manner in one scire facias, either at common law, or under the statute, as, in effect, had been *Page 645 
attempted to be done in the present case. And as it was the well-known and invariable practice in drawing judgment bonds, to insert, first, the name of the principal debtor and obligee in it, and after his the names of his sureties as joint debtors or obligees with him in it, and the statute itself implies such a distinction between them, it was but reasonable to conclude that as the name of William Wilson was the first defendant named in the first judgment, and Barclay Wilson was the first named in the second judgment, the former was the principal debtor in the first, and the latter in the second judgment. And if such was the fact, then we had presented in this suit the case of a scire facias
on a judgment in the name of a surety against the principal debtor joined with a co-surety of the plaintiff's decedent as a joint defendant with him in the judgment and in the writ, which was manifestly contrary to the provisions of the statute; while on
the second judgment, so far as that might be embraced in the operation of the writ, or might be required to sustain it, we have the case of a suit by scire facias on a judgment in the name of the principal debtor against his sureties in it, to recover contribution for his own debt paid by him under it, and which would be equally contrary to the provisions of the statute, and every principle of law and justice. But it is stated in the affidavit of the plaintiff filed before the issuing of the writ, that Barclay Wilson, in whose right as his representative she sues, paid the whole of the first judgment in his life time, and that the amount of it has since remained unpaid to him and to his estate; and it was upon that statement, and nothing less than that, the plaintiff was entitled to institute this suit under the statute. And yet the statement could not be true either in law or fact, unless the first judgment was paid by the second judgment afterward confessed for the same debt, and so she must have considered it. But if it was so paid, then it was not so paid by Barclay Wilson alone as stated in the affidavit, but by him and the other two defendants in it, Josiah Marvel and Silas Reynolds, who *Page 646 
jointly confessed it with him, both of whom were cosureties with him in the first judgment, and of whom the last named, Silas Reynolds, was still surviving.
Layton, for the plaintiff. It was in proof that no part of the first judgment was ever paid until the second judgment was confessed for the debt by a portion of the defendants in the first, and that the latter after the death of Barclay Wilson, one of the three defendants in it, and co-sureties with them, and with the other sureties in the former judgment, was paid in full to the Bank by the plaintiff alone, as his administratrix. And having done that she was entitled to an assignment of the first judgment, and to a scire facias upon it for contribution from the surviving co-defendants and co-sureties in it, as it was in effect and in fact, substantially a payment of it by her alone as such administratrix. The statute referred to was peculiarly equitable in its character and objects, and was directly designed to avoid the delay and expense of a resort to the Court of Chancery in such cases for contribution; and if the case was not within the literal terms of its provisions, which he by no means admitted, it was certainly, at least, within the equitable spirit and policy of it.
By the Court. The motion for a nonsuit must be allowed in this case, on the last ground taken by the counsel for the defendants, for we do not think that the first judgment referred to, was paid by Barclay Wilson or his administratrix alone within the meaning of the statute under which the proceeding has been taken, or that it was in fact so paid according to the evidence in the case; and not having been so paid, the plaintiff is not entitled to a scire facias, or an execution upon it against the surviving defendants in it. *Page 647